Estate of Bayard Dominick, Alice Hoyt Dominick and Gayer G. Dominick, Executors v. Commissioner.
Estate of Bayard Dominick v. Commissioner
Docket No. 2409.
United States Tax Court
1945 Tax Ct. Memo LEXIS 290; 4 T.C.M. (CCH) 226; T.C.M. (RIA) 45071; February 19, 1945
Emil V. Pilz, Esq., 115 Broadway, New York, N. Y., for the petitioner. Walt Mandry, Esq., for the respondent. OPPER
Supplemental Memorandum Opinion OPPER, Judge: This proceeding was decided by Memorandum Opinion dated October 6, 1944, but no decision was entered, with the thought that in the meantime certain figures unascertainable from the original record might be supplied by stipulation of the parties. On January 25, 1945, such a stipulation was filed. The facts so *291 stipulated are hereby found. The issue in controversy is the inclusion in gross estate under the provisions of section 811(c) and (d) of the value of property transmitted in trust by the decedent in his lifetime. Certain phases of that problem left undecided by the prior opinion now require consideration. The first question has, we think, been disposed of by the Supreme Court's decision in (February 5, 1945). Consistent with that authority the gross estate must, under section 811(c), include the entire value of the trust property, $500,394.39, less only the now stipulated value of the son's temporary estate, $54,732.64, to which he became entitled upon creation of the trust and regardless of the fact or time of decedent's death. There remains respondent's further contention that the entire property falls into the gross estate by virtue of the provisions of section 811(d), an issue which we found it unnecessary to decide upon the earlier record. The basis of this assertion is the following provision in the amended deed of trust: The trust hereby created shall be irrevocable and the Grantor shall have no *292 right at any time to alter or change any of the provisions hereof with respect to dispositions of principal and/or income nor to change the period of the duration of the trust in any manner whatsoever. The grantor shall have the right to modify, alter or amend any other provision hereof at any time and from time to time * * * provided, however, that no change which shall affect or alter the obligations or the duties of the Trustee may be made in any provision hereof without the consent in writing of the Trustee. All that is left of the trust instrument after elimination of matters dealing with its duration and the disposition of principal and income relate to questions of care and custody of trust property and to the duties of the trustee. The decision with respect to "sales of stocks, securities and/or other property * * * and all investments or reinvestments of funds of the trust estate" are already committed into the hands of the grantor (decedent) by the trust instrument itself. That function would be subject to supervision and possible restraint, under the New York law. . It is difficult to see that any power to change *293 the "enjoyment" of the property by means of "the right to modify, alter or amend" was in fact reserved by decedent. If any such could be found, it would surely be the "slight or trivial" change which the Court excepted when it rendered the decision in . We do not regard the provisions of 811(d) as applicable here. Decision will be entered under Rule 50.